LOUISA M. GERRY, Appellant, *v.* WILLIAM H. LIDDLE, Respondent.

*Game Laws — action for penalties under chapter* 488 *of* 1892 — *costs.*

The actions for penalties referred to in section 236 of chapter 488 of the Laws of 1892 (known as the Game Law), and in regard to which the matter of costs is by that section regulated, do not include actions brought by owners of premises to recover actual and exemplary damages, referred to in section 217 of such act, for injury to private grounds and parks, and the costs upon the recovery of a judgment for less than fifty dollars, in an action brought in the Supreme Court under such last-mentioned section to recover the penalty therein provided for, are not governed by the provisions of section 236 of chapter 488 of the Laws of 1892.

APPEAL by the plaintiff, Louisa M. Gerry, from an order of the Supreme Court, made at the Delaware Circuit and entered in the office of the clerk of the county of Delaware on the 7th day of September, 1894, denying the plaintiff's motion for a certificate that the title to real property described in the complaint came into question upon the trial of the action.

*W. & G. W. Youmans,* for the appellant.

*Barna Johnson,* for the respondent.

PER CURIAM:

The action in this case is based on the provisions of article 9 of "The Game Law" (Chap. 488, Laws of 1892). That article is entitled, "Private grounds and parks," and its last section, prior to an amendment in May, 1893, was as follows: "Violations of the provisions of this article subject the person violating to exemplary damages in an amount not more than twenty-five dollars for each violation, in addition to the actual damages sustained by the owner or lessee. An attempt to violate the provisions of this article shall be deemed a violation thereof." The amendment of 1893 is not important here.

In the complaint it is alleged that the plaintiff is the owner and in possession of the real estate therein described upon which she maintains a private park for the purpose of propogating and protecting fish, birds and game under the statutes of the State; that she has given all the notices required by the article of the Game Law above referred to; that the defendant upon four specific occasions entered upon her said premises without her consent, and unlawfully and with intent to catch fish in the waters within said private park, and did take fish from the waters thereof, the property of the plaintiff, of the value of fifty dollars, all in violation of said act. The plaintiff claimed to recover her actual damages, and also the sum of twenty-five dollars additional for each violation of the act. The answer was in substance a general denial.

Upon the trial the jury rendered a verdict in favor of the plaintiff for the sum of six cents. The plaintiff, however, claimed that she was entitled to recover costs under the provisions of section 3228 of the Code of Civil Procedure which provides, among other things,

that the plaintiff is entitled to costs, of course, upon the rendering of a final judgment in his favor in " an action, triable by a jury, to recover real property, or an interest in real property, or in which a claim of title to real property arises upon the pleadings, or is certified to have come in question upon the trial." In this view she applied for, and claimed to be entitled to have, a certificate under section 3248 of the Code of Civil Procedure. The application was denied upon the ground, as stated in the order, " that this action was brought to recover penalties under the fish and game laws of the State of New York, and section 3248 does not apply to that class of cases, special provision being made therefor."

The special provision which the defendant claims applies to the case is in section 236 of " The Game Law." That section is as follows :

"*Actions by persons or societies.*— Any individual, upon giving security for costs, unless he shall be the owner or lessee of the premises upon which it shall be claimed the penalty was incurred ; and any society or corporation, or agent of any society or association, for the protection of fish or game may recover in his or its name all penalties provided for by this act with costs, but on recovery by the plaintiff in such case of a less sum than fifty dollars, plaintiff shall only be entitled to costs to the amount of such recovery. Such person shall be entitled to one-half of the penalty recovered, the other half to be paid to the board of commissioners, but any such action shall be discontinued, without costs or disbursements to either party, in case an action shall be thereafter brought for the same violation in the name of the People, and an order to that effect may be entered on motion of the chief protector or one of the commissioners, on notice to all the parties thereto. Such motion shall be entitled and made in both actions. Any person or society bringing an action under this section shall notify the chief protector thereof within fifteen days after service of the summons therein, and failure so to do shall be a defense to the action."

We are of the opinion that the actions for " penalties" referred to in section 236 and in regard to which the matter of costs is by that section regulated, do not include actions by owners of premises for actual and exemplary damages referred to in section 217 of the article as to private grounds and parks, and that the costs upon the

recovery in this case are not governed by the provisions of section 236.

It follows that the plaintiff was entitled to have her application for a certificate considered upon the merits.

Present — HARDIN, P. J., MARTIN and MERWIN, JJ.

Order reversed, with ten dollars costs and disbursements, with leave to plaintiff to renew her motion for a certificate under section 3248 of the Code.